**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HOLLY DENISE SIMENTAL,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 24-cv-04333

**Judge Manish S. Shah**

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff HOLLY DENISE SIMENTAL ("Plaintiff" or "Simental") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Simental having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Simental having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Simental has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Simental's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-203-073; VA 2-220-985; VA 2-198-257; VA 2-287-838; VA 2-236-145; VAu 1-413-513; VAu 1-452-379; VA 2-287-940; VA 2-285-982; and VA 2-342-151 (the "Holly Simental Works") to residents of Illinois. *See* Docket No. [15].

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Simental's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Holly Simental Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Holly Simental product or not authorized by Simental to be sold in connection with the Holly Simental Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Holly Simental product or any other product produced by Simental, that is not Simental's or not produced under the authorization, control, or supervision of Simental and approved by Simental for sale under the Holly Simental Works;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Simental, or are sponsored by, approved by, or otherwise connected with Simental; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Simental, nor authorized by Simental to be sold or offered for sale, and which bear any of Simental's copyrights, including the Holly Simental Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. (“Amazon”), Wish US Holdings LLC d/b/a Wish.com (“WISH), and Temu, LLC (“Temu”), (collectively, the “Third Party Providers”), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Holly Simental Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Holly Simental Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Holly Simental product or not authorized by Simental to be sold in connection with the Holly Simental Works.

3. Upon Simental’s request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Holly Simental Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Simental is awarded statutory damages from each of the Defaulting Defendants in the amount of twenty-five thousand dollars ($25,000) for willful use of infringing Holly Simental Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, WISH, and Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, WISH, and Temu, are hereby released to Simental as partial payment of the above-identified damages, and Third Party Providers, including Amazon, WISH, and Temu, are ordered to release to Simental the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Simental has recovered full payment of monies owed to it by any Defaulting Defendant, Simental shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Simental identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Simental may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Holly Simental and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) surety bond posted by Simental is hereby released to Simental or Plaintiff's counsel, Keith Vogt Ltd., 33 West Jackson Boulevard, #2W,

Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Simental or Plaintiff's counsel.

This is a Default Judgment.

Dated: July 18, 2024

Manish S. Shah
United States District Judge

**FIRST AMENDED SCHEDULE A**

| No. | Defendants |
|---|---|
| 1 | wangjinhuanbaihuolingshouchaoshi |
| 2 | yinshunquan |
| 3 | changfenglisidianzishangwugongzuoshi |
| 4 | SHIYOUQIMAIYIFU |
| 5 | zhourishangye |
| 6 | ZHUyi |
| 7 | Jxdz |
| 8 | Spring Tea Canvas Art |
| 9 | |
| 10 | Health and patience |
| 11 | NUOJUE BAGS |
| 12 | Authoritative World |
| 13 | kunmingcuishuoshangmaoyouxiangongsi |
| 14 | |
| 15 | yubinbaizhaoshangmao |
| 16 | |
| 17 | LIN HANRU |
| 18 | liyingbabyart |
| 19 | yanbiannaiteshangmaoyouxiangongsi |
| 20 | 宜昌市夷陵区千泪商贸行(个人独资) |
| 21 | lin lin Rain poster |
| 22 | qixianfeitumaoyiyouxiangongsi |
| 23 | hYy |
| 24 | |
| 25 | congyayushangmao |
| 26 | mengli4151 |
| 27 | hujingbaihuodian |
| 28 | HANWENYAMAIXIGUA |
| 29 | huangshaolun123 |
| 30 | 阳泉 |
| 31 | liuanruipengwangluokejiyouxiangongsi |
| 32 | |
| 33 | CHELIAOXT |
| 34 | guangzhouhunxinglinshangmaoyouxiangongsi |
| 35 | |
| 36 | guangzhougongxiangchongmaoyi |
| 37 | zzzjjjlll |
| 38 | guixiangshengweishangmao |
| 39 | zhaml |
| 40 | DiDeShangMao |

| | |
|---|---|
| 41 | SuLianShangMao126 |
| 42 | kunmingmouyushangmao |
| 43 | Due to on-site |
| 44 | Li ting develop |
| 45 | Four out of V |
| 46 | gkxdedian |
| 47 | kunmingqianxiadianzishangwuyouxiangongsi |
| 48 | Fragrant Tea Wall Art |
| 49 | Kiki department |
| 50 | zlnida |
| 51 | putianshihanjiangquchenwenxinmaoyiyouxiangongs |
| 52 | [redacted] |
| 53 | hlydedian |
| 54 | zhengwensen001 |
| 55 | oLo Art Gallery |
| 56 | Petty Boy |
| 57 | [redacted] |